UNITED STATES DISTRICT COURT - SOUTHERN DISTRICT OF FLORIDA

CASE NO: 17-CV-62207-ZLOCH/HUNT

O & B Ventures, Inc.
f/k/a Mirina Collections,
a Florida Corporation,

 Plaintiff,

vs.

Brandon Robert Casey,
William Weaver, Trey Knecht and
Robert W. Casey,

 Defendant.
_____/

**Defendants William Weaver and Trey Knecht's Motion to Dismiss
Plaintiff's Complaint for Preliminary and Permanent Injunctive Relief
and Damages Pursuant to Rule 12(b)(1) and (6), Fed.R.Civ.P.**

 **A.** **Summary.**

1. There is no Florida case or statute that recognizes a cause of action for collusion against a third party for aiding and abetting a party breach <u>his</u> own agreement with another party.

2. Therefore, plaintiff's complaint against defendants William Weaver and Trey Knecht ("Weaver/Knecht") must be dismissed:

  a. The court declines jurisdiction under 28 USC §1367(c)(1) and dismisses the complaint for lack of subject matter jurisdiction under Rule 12(b)(1), Fed.R.Civ.P.

  b. Failure to state a cause of action. Rule 12(b)(6), Fed.R.Civ.P.

**B.     Plaintiff's Complaint and Basis for Federal Jurisdiction.**

3.  Count IV is the sole count against defendants William Weaver and Trey Knecht ("Weaver/Knecht") and jurisdiction is supplemental under 28 USC §1367:

| Count | Cause of Action | Federal Jurisdiction |
|---|---|---|
| I | Breach of Contract<br>Defendant Brandon Casey ("Casey") | Supplemental<br>28 USC §1367 |
| II | Misappropriation of Trade Secrets<br>"The Deferred Trade Secrets Act"<br>(18 USC §1836, *et seq*.)<br>Defendant Casey | Federal Question<br>28 USC §1331 |
| III | Misappropriation of Trade Secrets<br>"Florida Uniform Trade Secrets Act"<br>(Florida Statutes §688.001, *et seq*.)<br>Defendant Casey | Supplemental<br>28 USC §1367 |
| IV | Collusion<br>"Aiding and Abetting" Defendant Casey<br>violate his agreement with plaintiff.<br>Defendants Weaver/Knecht | Supplemental<br>28 USC §1367 |

4.  Plaintiff alleges that defendants Weaver/Knecht:

    a.  "[A]ided and abetted" defendant Casey breach his own agreement with plaintiff.  Complaint, at 63.

    b.  "[C]olluding" with defendant Casey to breach his own agreement with plaintiff.  Complaint, at 66.

**C.     Plaintiff's Sole Cause of Action Against Defendant Weaver/Knecht.**

5.  Plaintiff's cause of action is for "collusion."

6.  Collusion is based on defendants Weaver and Knecht "adding and abetting" defendant Casey breach his own agreement with the plaintiff.

7.  There is no cause of action for "aiding and abetting" someone breach their own

written agreement with another party.

## Memorandum of Law

### D. This Court May Decline Supplemental Jurisdiction.

8. Plaintiff claims this court has supplemental jurisdiction over defendants Weaver/Knecht under 28 USC §1367.

9. However, this court can decline to exercise supplemental jurisdiction if "the claim raises a novel or complex issue of State law." 28 USC §1367(c)(1).

10. Defendants Weaver/Knecht respectfully submit that plaintiff's claim raises a "novel" issue of State law since there is no controlling Florida case that addresses:

> Whether Florida recognizes a cause of action for <u>collusion</u> against a third party for <u>aiding and abetting</u> a party breach <u>his</u> own agreement.[1]

11. Finally, plaintiff does not allege that defendants Weaver/Knecht were parties to the agreement or otherwise breached the agreement but, rather, it simply alleges that they aided and abetted co-defendant breach his own agreement.

12. Therefore, plaintiff's complaint must be dismissed pursuant to Rule 12(b)(1), Fed.R.Civ.P., for lack of subject matter jurisdiction under 28 USC §1367(c)(1).

### E. Failure to State a Cause of Action.

13. Plaintiff does not allege that defendants Weaver/Knecht breached any agreement.

14. Plaintiff's sole cause of action against defendants Weaver/Knecht is "collusion"

---

[1] Defendants Weaver/Knecht were unable to find any Florida case that addressed this claim or issue.

for "adding and abetting" defendant Casey breach <u>his</u> own agreement.

15. Defendants Weaver/Knecht are unable to find a Florida case or statute that recognizes a cause of action for "collusion" against a third party for aiding and abetting a party breach <u>his</u> own agreement with another party.

16. Therefore, plaintiff's complaint must be dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a cause of action.

**WHEREFORE**, defendants William Weaver and Trey Knecht move the court to dismiss plaintiff's complaint against them for the above reasons.

**CERTIFICATE OF SERVICE**:  On 12.18.2017, I hereby certify that the foregoing was electronically emailed to:  **Mark J. Berkowitz, Esq.** (Counsel for Plaintiff), Mark J. Berkowitz, P.A., 800 SE 3rd Avenue, Suite 400, Fort Lauderdale, FL 33316; Phone: 954-527-0570; Email:  labor@markjberkowitz.com.

/s/ Michael C. Knecht
Michael C. Knecht, Esq.
Michael C. Knecht, P.A.
658 W. Indiantown Road, Suite 211
Jupiter, FL 33458
Phone: (561) 745-2110
Email: mck@mikeknecht.com
susan@mikeknecht.com
Florida Bar No: 475815
Counsel for Defendants
William Weaver and Trey Knecht